REQUESTED BY: Senator Steve Fowler Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Fowler:
This is in reply to your inquiry concerning LB 95 which amends the above act. You specifically ask for our opinion on the constitutionality of eliminating the portions of the above act requiring a preliminary hearing.
Section 26 of the act is amended to provide that the summons shall fix the time for a hearing within ten days after the subject has been taken into protective custody. This portion of the bill originally provided that the subject would be given a preliminary hearing within five days after being taken into protective custody.
In Doremus v. Farrell, 407 F. Supp. 509, a three judge court of the United States District Court for the District of Nebraska, in considering the Nebraska Mental Health Act which was replaced by the present act specifically held that the former act was unconstitutional for failure to require a preliminary inquiry on probable cause within five days after the arrest of a subject if the proposed patient was detained in custody pending final commitment.
The court in its reasoning found that under the Nebraska statutes in force at that time, that `the determination to confine a person may be done with or without a hearing.'
While there may be cases in other federal district courts or other circuits, we have found no cases from our United States Court of Appeals for the Eighth Circuit or the United States Supreme Court which would have the effect of overruling Doremus v. Farrell, supra.
By way of illustration, we do not think the recent United States Supreme Court case of Vitek v. Jones,445 U.S. 480, 63 L.Ed.2d 552, requiring one due process hearing before the transfer of an inmate of a penal institution to a mental hospital, would have the effect of overrulingDoremus v. Farrell. In Vitek v. Jones, the Supreme Court specifically recognized that a criminal conviction and sentence as to an inmate extinguished his right to freedom from confinement for the term of his sentence, but recognized that transfer to a mental institution still involved a change in the type of custody contemplated and therefore the requirement of a due process hearing for that reason.
The case of Doremus v. Farrell, supra, specifically addresses the requirement of a probable cause hearing as to members of the public generally who are in possession of all their rights of freedom and are taken into custody and detained. We cannot, of course, predict whether or not a higher court may ultimately settle upon five days as the time within which a probable cause hearing as to a person in detention must be held, but we agree that such a hearing must be held within a reasonable time. We are of the opinion that the Federal District Court of Nebraska, and undoubtedly the higher Federal courts, would find ten days to be an unreasonable time to hold a person in custody without a hearing. We are further of the opinion that detention for any period of time in excess of five days without a probable cause hearing would be difficult to defend constitutionally, in light of the specific holding in Doremus v. Farrell referred to above. Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General